## Donoghue v. Consolidated Traction Company.

*Negligence—Inadequacy of verdict—New trial—Discretion of court—Review.*

The appellate court will not reverse an order of the court below refusing a new trial in an accident case on account of the inadequacy of the verdict unless it clearly appears that the verdict was wholly inadequate, that the result was clear injustice, and that the jury was influenced by partiality, passion or prejudice, or by some plain misconception of the law or the evidence.

Argued May 11, 1901. Appeal, No. 126, April T., 1901, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1898, No. 397, on verdict for plaintiff in case of Katherine Donoghue v. Consolidated Traction Company Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for personal injuries. Before COLLIER, J.

At the trial it appeared that plaintiff was injured on July 30, 1898, while attempting to get on one of defendant's cars. There was no serious dispute about the defendant's negligence.

Verdict for plaintiff for $200.

The court overruled a motion for a new trial based on the inadequacy of the verdict, and entered judgment for plaintiff on the verdict.

*Error assigned* among others was in overruling motion for a new trial.

*M. A. Woodward*, for appellant, cited: Smith v. Times Publishing Co., 178 Pa. 481 ; Bradwell v. Pittsburg, etc., Pass. Ry. Co., 139 Pa. 413.

*E. W. Smith*, with him *Knox & Reed*, and *J. H. Beal*, for appellee, cited: Martz v. Consolidated Traction Co., 14 Pa. Superior Ct. 90 ; Peabody v. Consolidated Traction Co., 14 Pa. Superior Ct. 94; Palmer v. Leader Publishing Co., 7 Pa. Superior Ct. 594 ; Schenkel v. Pittsburg, etc., Traction Co., 194 Pa. 182.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901 :

The question involved is thus stated by the appellant: " This

appeal is from the insufficiency of a verdict of $200 for injuries causing great and long continued pain and suffering and sickness and permanent disability." The plaintiff is a married woman who, in attempting to get upon an electric car of the defendant company, claims to have been injured by reason of the negligence of the defendants' servants in suddenly starting the car. The verdict is in her favor. The questions of negligence by the defendants and contributory negligence by the plaintiff are thus out of the case. We are asked to reverse the court below and order a new trial because of the alleged inadequacy of the verdict in view of the injury to the plaintiff.

The principles of law involved in this controversy have been discussed in an opinion filed this day in Woodward v. The Traction Co. There is no necessity for repetition, further than again to remark that this court is not sitting to determine whether the damages awarded are adequate, but only whether the court below in refusing a new trial abused its discretion. The plaintiff on her own testimony and that of her physician seems to have suffered much pain and to be in a condition of serious ill health. To convict the trial court of abuse of discretion, it must clearly appear that the verdict is wholly inadequate ; that the result is clear injustice ; and that the jury was influenced by partiality, passion or prejudice or by some plain misconception of the law or the evidence. A scrutiny of the evidence and of the charge has not brought to light any fact which brings the case within the rule thus stated. The verdict was not nominal. While it is small it is substantial. The testimony of the plaintiff as to the character and cause of her injuries may have lost in force with the jury by reason of her apparent exaggeration of what transpired at the time of the accident. It may be that the jury were of opinion that a part of the suffering and her physical condition, while sequential to the accident in time, were not in all of their seriousness directly attributable to the negligence of the defendants. But we need not enter upon surmises in this connection. It is only in the most exaggerated and palpably unjust cases that this court will intervene to reverse the discretionary action of the trial court in refusing to award new trials on the ground that a verdict is either inadequate or excessive. This is not such a case. We think further discussion unnecessary, and therefore the judgment is affirmed.